Leon O. W. Brown, et al.
vs.                                    Eq. No. 11022.
Alfred C. A. Perry, et als.

February 1, 1932.

BLODGETT, P. J. Heard upon bill, answer and proof.

Leon C. W. Brown and his brother George A. in July, 1912, bought a tract of land with buildings thereon, described in said bill, and received a deed therefor (Complts' Ex. A).

Said complainants executed on said date two mortgages on said land, one to Robert L. Walker Co. (Complts' Ex. B) for $1000 and a second mortgage to Frances Cullen (Complts' Ex. C) for $550. On same day, July 12, 1912, said complainants executed a warranty deed (Complts Ex. D) to Alfred C. A. Perry, their uncle, for a consideration, alleged to be a purported consideration, of $1000.

Complainants allege no consideration was paid.

The fifth paragraph of the bill alleges certain false and fraudulent inducements on the part of said respondent, Alfred C. A. Perry, made to said complainants that he (Alfred C. A. Perry) would hold said property for their benefit, and would protect their title therein, and that said deed was executed in reliance upon said inducements and representations, and that said Perry at time of making said false representations did not intend to hold said property for their benefit, but intended to acquire title for himself.

December 10, 1921, said complainant George A. Brown conveyed all his interest in said land to his brother Leon (Complts' Ex. E).

The seventh paragraph alleges that the complainants Leon and Archie C. H. Brown have continuously occupied said premises from 1912 to present time (said George A. Brown having deceased) and have paid all expenses of maintenance of said premises, including taxes, interest and principal payments on mortgages, insurance premiums, repairs and improvements.

September 2, 1927 said Alfred C. A. Perry executed a mortgage deed of said premises (Complts' Ex. F) to Helen S. Dodge of Salem, Mass., for $600, which mortgage has been transferred to Hilda B. Latham, of Cranston, Rhode Island, (Complts' Ex. G). March 27, 1930, said Alfred C. A. Perry conveyed said property to George R. E. Farrow and Annie E. Farrow, as joint tenants (Complts' Ex. H).

The bill alleges Annie E. Farrow to be a daughter of said Alfred C. A. Perry.

The bill further alleges said George R. E. Farrow and his wife Annie have brought against your respondents an action of trespass and ejectment.

The prayer of the bill is that said respondents, George R. E. Farrow and Annie E. Farrow, be declared to hold said property in trust for the complainants and that said mortgage of Alfred C. A. Perry to Helen S. Dodge be cancelled.

Complainant Leon O. W. Brown testified that he and his brother bought the property in 1912 for $1800; that they paid $250 in cash and the balance by the two mortgages, viz.: One to Robert L. Walker Co. for $1000, and one to the grantor for $550; that they thought it was a good idea to have their uncle, Alfred C. A. Perry, handle the property and so made a deed to him, the agreement being that they should occupy the premises free of rent, and should pay all taxes, interest and principal of said mortgages, and make all repairs.

Since the bringing of this bill Alfred C. A. Perry has deceased.

Alfred C. A. Perry was a chief of the Narragansett Indian tribe. Leon and Archie, his nephews, also belong to said tribe.

The whole matter is very much involved as most of the transactions were conducted by the parties between

each other without legal counsel, and the intentions of the parties must be determined by their acts.

The title first rested in Leon and George and was immediately conveyed to Alfred C. A. Perry. No consideration for the transfer was paid by the grantee (Alfred C. A. Perry).

Testimony of said Alfred in a hearing before Mr. Justice Baker in this Court May 16, 1927, on a matter involving a mortgage was introduced by complainants. In answer to Q. 11, page 2 of said record, Perry said:

"Mr. Joseph Latham made this deed and he appealed to me to take this property over. He said these boys would never make good and if I didn't take it over there wouldn't be anything to take over."

Q. 12. "Did you pay the Browns anything for it?"

A. "No. Mr. Latham was the man I done business with."

Q. 18. "Was there any understanding they were in trouble?"

A. "That is just what he (Latham) told me about that."

We thus start with the fact that Perry took over this property without paying any consideration except the expense of making the deed and recording same.

He further testified that he paid the taxes for ten years; that Leon and George lived on the property and simply paid the interest on the mortgages; that they made a few repairs and the place began to go bad; that they paid the taxes 3 or 4 years and for 12 or 13 years he had paid the taxes; that the taxes were thirty-three or four dollars; that they had paid him altogether $60 for rent; that all the rent they paid with the exception of two months was in making repairs which they did themselves.

The action tried before Mr. Justice Baker was brought by Rose Brown who had paid off the mortgage of the Robert L. Walker Co. against said Perry. This action was subsequently settled by Perry as evidenced by an agreement (Respdts'. Ex. 13) dated September 2, 1927. The effect of this payment to Rose Brown was that Perry paid the Robert L. Walker mortgage, then amounting to $800, said mortgage having been discharged upon the records when Rose Brown paid same.

Complainants have introduced a number of receipts from June 12, 1912 to June 12, 1924, showing certain payments for interest &c., which total $1560—averaging about $130 a year.

It is not denied that Perry paid the taxes upon this property for thirteen years as testified to by him.

Archie Brown, one of the brothers living on the property, testifies that a short time after the settlement with Rose Brown by Perry, as related supra, to wit: shortly after September 2, 1927, he paid Perry $400 in payment of taxes theretofore paid by Perry on said property.

An examination of the testimony of this witness discloses that his testimony is most unsatisfactory. He claims to have gotten a receipt for the $400, which was eaten up by rats. Archie, Leon and George Brown (now deceased) lived on this property, and Archie still occupies it. There is no doubt that unless the original holding of Alfred C. A. Perry was changed by agreement, or by the acts of the parties, that said Perry held the same for the benefit of Leon and George Brown. George Brown on the 10th day of December, 1921, by a warranty deed conveyed all his interest to Leon (Complts' Ex. E). After said date whatever title there was in said land was in Perry for the benefit of Leon.

To further complicate the matter, in February, 1924, Leon Brown, under seal, executed the following agreement:

"Cranston, R. I.

February 2, 1924."

"Know all men by these presents, that I, Leon O. W. Brown, of the

City of Cranston; County of Providence and State of Rhode Island, in consideration of rent allowed me for premises at 51 River Street, Cranston, R. I., and other good and valuable considerations, do hereby release and forever release Alfred C. A. Perry from any money or monies which might be due from him to me by reason of any sum or sums of money which I may have paid for repairs, interest on mortgage, taxes, or for any other purpose pertaining or for said premises at 51 River Street, now in the name of said Perry."

        "Leon O. W. Brown (L. S.)"
"Witness interlineates
mark before signing.
    L. G. Smith, Jr.
    Notary Public.
Witness L. G. Smith, Jr.
to signature L. O. W. B."

At the time of executing this instrument Leon was the sole beneficiary and from that time disappears from the picture, since after the conveyance from Alfred C. A. Perry to George R. Farrow and wife in 1930, all transactions relative to the property appear to have been made between Farrow and Archie Brown. Subsequent to the delivery of this deed the testimony shows that Archie attorned to Farrow as his landlord by paying rent for occupation of said premises (Respdts' Exhibits 3, 4, 5, 7, 9 and 12.)

The construction of the home-made document cited above of February 21, 1924, is difficult, but must be construed from all the acts of the parties before and after the execution of the same.

The sole issue in the case is whether Farrow and his wife, the wife being the daughter of Alfred C. A. Perry, got a clear title to the property by the deed of March 27, 1930.

After the execution of the release from Leon Brown, Perry evidently assumed he could do as he pleased with the property and on March 27, 1930, he conveyed same to Farrow and his wife. Farrow claims, and the testimony is not contradicted, to have paid $1800 for the property and assumed two mortgages, making the cost of the same to him about $2600.

Perry had paid taxes on same and other charges, the amount of which is not clearly shown, amounting to some $500, and had paid some $800 to Rose Brown, the total being approximately $1300. He had further mortgaged the property, said mortgage being held by Hilda B. Latham of Cranston, and received from said mortgage $600. Thus, if the testimony is to be believed, he had laid out some $1300 and received in cash some $2000, and a lot of land valued at $400, for the property upon which he had expended $1300.

There is nothing on the Cranston records to show that Perry did not hold the fee of said land when he mortgaged same, being the mortgage held by Hilda B. Latham, and said mortgage is valid as to any holder of the title until same is discharged.

The Court is also satisfied that Archie Brown has not shown by any preponderance of evidence the payment of $400 to Perry.

The question that remains is whether Farrow and his wife took the title subject to a hidden trust in favor of Leon Brown.

The deeds of conveyance were all warranty in form and in themselves not open to suspicion. The property had been held by Perry insofar as the deeds evidenced for eighteen years. Farrow claims to have had no knowledge of any claim of Leon Brown and that when he took possession of the property in 1930, Archie Brown became a tenant and paid rent, and, furthermore, made no claim of title either in himself or in Leon Brown. There seems no doubt that, at the time in 1912 when Perry received the title, there was some agreement between Perry and Leon and George Brown as to their being allowed to occupy the premises without paying rent, but that

they were to pay taxes, interest on the two mortgages, repairs, &c., in order to retain their beneficial interest. Before George died, he conveyed his interest to Leon, leaving Leon as the sole beneficiary of the trust.

There is also no doubt in the mind of the Court that any agreement made was broken by Leon as evidenced by his release dated February 21, 1924. The construction of this release, in the mind of the Court, in view of the acts of the parties, in view of the testimony, and in view of the fact that Archie Brown and not Leon was accepted as tenant when Farrow took possession, is that in making this release Leon abandoned any claim as a beneficiary of the trust agreed upon. There must be some significance to the following words contained in the release above cited, "or for said premises at 51 River Street."

The Court is of the opinion that the complainants have failed to establish a resulting trust.

Bill is therefore dismissed.

For complainant: Sigmund W. Fischer.

For respondent: John H. DiStefano.